FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 21, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EVELIA R., <br><br> Plaintiff, <br><br> -vs- <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security <br><br> Defendant. | No.   4:23-CV-5031-WFN <br><br> ORDER |

Evelia R. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits. ECF No. 1. Attorney D. James Tree represents Plaintiff. Special Assistant United States Attorney Sarah Moum represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **REVERSES** the Commissioner's final decision.

## JURISDICTION

Plaintiff applied for Supplemental Security Income and Disability Insurance Benefits on October 25, 2019, alleging disability beginning on January 1, 2014. Tr. 15, 252–77. Plaintiff later amended her alleged onset date to October 24, 2019. Tr. 51. The applications were denied initially, Tr. 83–112, and on reconsideration, Tr. 113–46. Administrative Law Judge [ALJ] Lori Freund held a hearing on May 12, 2021, Tr. 47–82, and issued an unfavorable decision on December 1, 2021, Tr. 15–26. The Appeals Council denied review on January 11, 2023. Tr. 1–6. The ALJ's December 1, 2021 decision became the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 13, 2023. ECF No. 1.

ORDER - 1

## FACTS

Plaintiff was born in 1969 and was 50 years of age as of her alleged onset date. Tr. 25, 51–52, 258. She completed some college, Tr. 25, 301, 412, and has past work as a medical assistant and as a billing clerk, Tr. 25, 65–67. Plaintiff alleges disability based on rheumatoid arthritis, depression, and anxiety. Tr. 53, 412–13.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the

ORDER - 2

burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On December 1, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15–26.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: "rheumatoid arthritis[,] degenerative joint disease of the right shoulder[,] obesity[,] major depressive disorder[, and] generalized anxiety disorder." *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18–20.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found she could do light work but

> would need to avoid climbing ladders/ropes/scaffolding and crawling but could occasionally climb ramps/stairs, stoop, kneel, crouch, and balance. She would need to avoid reaching overhead with the right upper extremity. She should avoid concentrated exposure to excessive vibrations and extreme temperatures. She should also avoid all exposure to unprotected heights, hazards, and hazardous machinery. This individual would be limited to simple and repetitive

ORDER - 3

tasks (1–3 steps) but would be capable of performing such for at least 2 hours at one time with regular 15-minute breaks thereafter throughout an 8-hour workday. She could have brief, superficial interaction with the general public and occasional interaction with coworkers without the performance of tandem tasks.

Tr. 20.

At step four, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 25.

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 25-26. The ALJ specifically identified the representative occupations of routing clerk, order caller, and marker. Tr. 26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date. *Id.*

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's symptom testimony and (2) improperly assessing medical opinion evidence.

## DISCUSSION

**(1) Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ erred by rejecting her symptom testimony without reasons that were specific, clear, and convincing. ECF No. 7 at 3–12.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment

ORDER - 4

merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996), *superseded on other grounds by regulation*, Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5852 (Jan. 18, 2017) (codified at 20 C.F.R. pts. 404 & 416), *as recognized in Woods v. Kijakazi*, 32 F.4th 785, 789-90 (9th Cir. 2022). "General findings are insufficient; rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff testified that she cannot work anymore because she cannot concentrate. Tr. 53, 65. She also said she cannot sit for more than fifteen minutes due to hip and knee pain, cannot reach above her shoulders, and has weakness in her hands that prevents fine motor activity. Tr. 67–68, 72–73. Notably, Plaintiff testified: "I wake up with pain every day. On a scale of zero to ten, I stay a four every day." Tr. 75.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. Specifically, the ALJ rejected Plaintiff's symptom claims because they were inconsistent with the objective findings, persuasive medical opinions, Plaintiff's conservative course of treatment, and Plaintiff's daily activities. Tr. 21–23.

Plaintiff argues the ALJ made several errors in rejecting Plaintiff's symptoms. ECF No. 7 at 6–14. Most significantly, Plaintiff argues the ALJ erred by finding that Plaintiff claimed to suffer nine-out-of-ten pain every day. *Id.* at 10–11. Plaintiff is correct. The ALJ wrote: "The claimant stated she has severe 9/10 pain on a daily basis." Tr. 21. As Defendant concedes, the ALJ was wrong. *See* ECF No. 11 at 4, 9. Plaintiff testified: "I wake up with pain every day. On a scale of zero to ten, I stay a four every day." Tr. 75. The ALJ's error

ORDER - 5

matters because the ALJ found Plaintiff's symptom claims were inconsistent with her conservative course of treatment. Tr. 22–23. The ALJ wrote: "The undersigned also finds the claimant's allegations of debilitating physical and mental symptoms to be inconsistent with her routine and conservative course of treatment." Tr. 23.

Defendant concedes that Plaintiff testified to suffering four-out-of-ten pain daily, and that the ALJ erred by finding Plaintiff claimed to suffer nine-out-of-ten pain daily. ECF No. 11 at 9. However, Defendant argues the error was harmless because the ALJ gave other valid reasons for rejecting Plaintiff's symptom claims. *Id.* The Court does not agree that the error was harmless.

If an ALJ provides invalid reasons for disbelieving a claimant's testimony but provides valid reasons too, the error may be harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a)). The ultimate question is whether the error affected the ALJ's disability determination. *Id.* If it is clear the error did not affect the ALJ's decision, then the error is harmless. *Id.* Otherwise, the matter must be remanded. *Id.*

In this case, it is not clear that the ALJ would have rejected Plaintiff's symptom claims absent the error. Plaintiff argues that her activities and course of treatment are entirely consistent with her claim that she suffers four-out-of-ten pain daily. ECF No. 7 at 9–11. The ALJ might have agreed, and if the ALJ knew Plaintiff had testified to daily four-out-of-ten pain, she might not have decided Plaintiff's activities and course of treatment were inconsistent with her symptom claims. This is not to say the ALJ's remaining reasons for rejecting Plaintiff's claims were invalid or even insufficient, but it is not clear the ALJ's decision would have been the same absent the error. Therefore, the matter must be remanded for the ALJ to reassess Plaintiff's symptom claims. *See Molina*, 674 F.3d at 1115.

Plaintiff asks the Court to remand for an award of benefits, ECF No. 7 at 19, but that remedy is only appropriate if it is clear from the record that the claimant is disabled, *see Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100–01 (9th Cir. 2014). That is not the case here. The ALJ gave additional reasons for rejecting Plaintiff's symptom claims,

ORDER - 6

and those reasons may be sufficient. The Court will remand this matter for additional proceedings and explanation. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

**(2) Medical Opinion Evidence**

Plaintiff alleges the ALJ erred by improperly evaluating the opinion of Oleg Sandulyak, A.R.N.P. ECF No. 7 at 14–19. The analysis Mr. Sandulyak's opinion could be impacted by the ALJ's reassessment of Plaintiff's symptom claims. Therefore, the ALJ shall reevaluate Mr. Sandulyak's opinion on remand as well.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the Commissioner's final decision is in error because the ALJ's decision contains a conceded factual error, and the error is not apparently harmless. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed June 7, 2023, **ECF No. 7**, is **GRANTED.**

2. Defendant's Brief, filed August 4, 2023, **ECF No. 11**, is **DENIED**.

3. This matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide copies to counsel. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

**DATED** this 21st day of December, 2023.

12-13-23

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7